IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:07 CR 402 |
| Plaintiff, | SENTENCING MEMORANDUM |
| -vs- | JUDGE JACK ZOUHARY |
| Robert M. Frye | |
| and | |
| Matthew Ebbeskotte, | |
| Defendants. | |

## BACKGROUND

The Government filed a five-count Information on July 20, 2007 against Defendant Robert Frye and Matthew Ebbeskotte. Each Defendant entered a Guilty Plea on August 20, 2007 as to all counts with a Plea Agreement. Count 1 alleges a conspiracy in violation of 18 U.S.C. § 371; Counts 2 through 4 allege bank fraud in violation of 18 U.S.C. § 1344; and Count 5 alleges bankruptcy fraud in violation of 18 U.S.C. § 157.

## INITIAL SENTENCE CALCULATION

There is no applicable mandatory minimum.

Each Defendant's Guideline advisory range, pursuant to the respective Presentence Investigation Reports, is a Criminal History Category I and an Offense Level 19, for a potential of 30 to 37 months. This included three level reductions for acceptance of responsibility pursuant to U.S.S.G §§ 3E1.1(a) and 3E1.1(b).

Pursuant to telephone conference of November 20, 2007 with counsel, and this Court's Order of the same date, parties were advised that the Court was considering a downward variance and invited the parties to address such a possibility.

### SENTENCING STANDARD

The Supreme Court "transformed the Sentencing Guidelines from a mandatory scheme into an advisory resource" in *United States v. Booker*, 543 U.S. 220 (2005). The Sixth Circuit has directed the district courts in the post-*Booker* world to consider the applicable advisory Guideline range in addition to the factors listed in 18 U.S.C. § 3553(a). *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006). The Section 3553(a) factors are as follows:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed --
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the advisory Guideline range;
5. any pertinent policy statements issued by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities; and
7. the need to provide restitution to any victims of the offense.

The ultimate directive of § 3553(a) mandates the district court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2). *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006).

The advisory Guideline range, as one of the seven § 3553(a) factors, must be considered but is "truly advisory" as recently reaffirmed in *Rita v. United States*, 127 S. Ct. 2456, 2474 (2007). The post-*Rita* line of decisions from the Sixth Circuit make it clear that district courts have discretion in the final determination of a sentence and it is important the district court explain the reasoning for a sentence that varies from the Guidelines.

## SECTION 3553(A) FACTORS

### A. Nature of the Offense

For over two years (1999 to 2001), Defendants Robert M. Frye and Matthew Ebbeskotte purchased properties in the Lima, Ohio area. In the process of obtaining the financing for these properties, Defendants committed numerous fraudulent acts on at least 39 loans including:

- "Flipping" properties to inflate the properties' values;

- creating bogus rental agreements to increase the borrowers' income or property's income production;

- creating bogus purchase agreements by falsely inflating the actual sales price of the property;

- misrepresenting the source of the buyers' funds;

- misrepresenting that the seller was paying the closing costs;

- misrepresenting that the seller was taking a "carry back" (i.e. second mortgage) so as to falsely inflate the sales price;

- failing to disclose all liabilities of the borrowers;

- forging signatures of sellers on documents submitted to lenders;

- using their parents as straw purchasers.

The circumstances are set forth in the Presentence Report and the Court acknowledges that, although not an excuse, these circumstances enabled and encouraged these Defendants.

**B.     Character and Background**

Before:     No significant criminal history.

After:      Responsible; hard working; started over; productive and positive citizens.

**C.     Purposes of Sentencing**

Seriousness of offense and promote respect for the law: Some incarceration is appropriate.

Protect public: No likelihood of future criminal activity.

Restitution required; but none initiated by Defendants prior to sentencing**.**

**D.     Kinds of Sentences Appropriate**

Some form of incarceration which, with good behavior, may allow an early release to a halfway house with the Bureau of Prisons. Community service is also appropriate in consideration of a downward variance.

**E.     Advisory Guidelines**

30 - 37 months

**F.     Need to Avoid Unwarranted Sentencing Disparities**

Looked at prior sentencings and compared scope of cases including dollars lost and victims of the white collar crime and to maintain a deterrence for others.

**G.     Arguments by the Parties**

See Sentencing Memoranda filed of Record.

**DEFENDANTS' SENTENCE**

For each of these Defendants, this is a first-time felony offense. Each has a Criminal History Category I which means limited involvement with the criminal justice system. Neither has a history with illegal drugs and no history / recent history of alcohol abuse. Each Defendant is employed in a management role with Yearbook USA earning a good income.

4

It appears these Defendants were somewhat naive in regards to making a quick buck. However, they each eventually gained awareness of the unethical and illegal business practices. Unfortunately, their mistake is a costly one. The Court acknowledges they have already paid a price through their family relationships and the harm caused to their parents, both financial and otherwise. What is perhaps different about this case is that each Defendant has been able to rebuild his life and become a productive member of society after losing almost everything as a result of this crime. The Court believes the risk of recidivism with these Defendants is low and the Court balances that fact with the need to promote respect for the law and provide for a just punishment.

Pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. § 3553(a) it is the judgment of the Court that each Defendant be committed to the custody of the Bureau of Prisons for a term of twenty-one (21) months on each Count to be served concurrently. For the reasons set forth above and on the Record, this downward variance is "sufficient but not greater than necessary."

Upon release from imprisonment, each Defendant shall be placed on supervised release for a term of three (3) years -- three (3) years on each of Counts 1 and 5 and two (2) years on each of Counts 2 through 4 -- all such terms to run concurrently. Within seventy-two (72) hours of release from the custody of the Bureau of Prisons, each Defendant shall report in person to the Probation Office in the Sentencing District or in the District to which Defendant is released.

In addition, the Court orders each Defendant to perform fifty (50) hours of community service as directed by the Probation Officer while on supervised release. It is most appropriate for these Defendants to "pay the price" by giving back to their communities.

Other terms of the Court's Sentence are set forth in a separate Order and includes the requirement that each Defendant pay restitution as determined by Pretrial Services and paid through the Clerk of the U.S. District Court.

The Court waives the interest requirement in this case and also waives the fine. The imposition of a fine would hinder Defendants' ability to pay restitution. Each Defendant shall, however, pay a special assessment of Five Hundred Dollars ($500) due and payable immediately.

IT IS SO ORDERED.

                                                                      s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

                                              November 29, 2007